**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

VANESSA BISE,

*Defendant-Appellant.*

No. 00-4886

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-99-72)

Submitted: July 12, 2001

Decided: July 23, 2001

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Daniel R. Bieger, COPELAND, MOLINARY & BIEGER, P.C., Abingdon, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Vanessa Bise seeks to appeal the sentence imposed on her after a jury convicted her of two counts of embezzlement by a bank employee, in violation of 18 U.S.C.A. § 656 (West 2000), and one count of making false bank entries, in violation of 18 U.S.C.A. § 1005 (West 2000). We affirm.

Bise contends that the district court erred in attributing to her for sentencing purposes $31,649 that was missing from the mutilated currency vault of the bank where she was employed. As a sentencing factor, the amount of loss attributable to a defendant need only be proven by a preponderance of the evidence.* *United States v. Davis*, 184 F.3d 366, 368 (4th Cir. 1999). The district court's determination that a defendant is responsible for a certain amount of loss is a factual determination and will not be disturbed unless clearly erroneous. *United States v. White*, 875 F.2d 427, 430-31 (4th Cir. 1989).

Bise was the head teller, and the evidence showed that she was responsible for keeping track of the mutilated currency. Evidence was also introduced to show that Bise had prevented an audit of the mutilated currency vault. Bise was absent from the bank when the discovery was made that money was missing from the vault. Although during the investigation Bise only admitted to taking approximately $13,000, an amount that corresponds roughly with the amount missing from her teller drawer, she also told the investigating agent that there "may have been other times that [she] took money." (J.A. 450). Based on these facts, we find that the district court did not clearly err when it determined that it was more likely than not that Bise took the

---

*On appeal, Bise does not contest her convictions. In count one, the jury found beyond a reasonable doubt that Bise embezzled not less than $13,000 from her teller drawer. In count two, the jury found beyond a reasonable doubt that Bise embezzled not less than $25,000 from the mutilated currency vault. It is the attribution of $31,649 under count two for sentencing purposes that Bise challenges in this appeal. Notably, she contests the entire amount, not just the $6649 above the $25,000 minimum for which she was convicted.

money that was missing not only from her teller drawer but also from the mutilated currency vault.

Accordingly, we affirm Bise's sentence. We dispense with oral argument because the facts and legal contentions are adequately represented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*